```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF      :
CARPENTERS PENSION FUND, NEW YORK CITY     :
DISTRICT COUNCIL OF CARPENTERS WELFARE     :
FUND, NEW YORK CITY DISTRICT COUNCIL OF    :   09 Civ. 9509 (DLC)
CARPENTERS ANNUITY FUND, NEW YORK CITY     :
DISTRICT COUNCIL OF CARPENTERS             :   MEMORANDUM OPINION
APPRENTICESHIP, JOURNEYMAN RETRAINING,     :        AND ORDER
EDUCATIONAL AND INDUSTRY FUND, NEW YORK    :
CITY DISTRIC COUNCIL OF CAPRPENTERS        :
CHARITY FUND, and THE NEW YORK CITY AND    :
VICINITY CARPENTERS LABOR-MANAGEMENT       :
CORPORATION, by MICHAEL J. FORDE and       :
KEVIN O'CALLAGHAN, as TRUSTEES, and        :
MICHAEL J. FORDE, as EXECUTIVE             :
SECRETARY-TREASURER, DISTRICT COUNCIL      :
FOR NEW YORK CITY AND VICINITY, UNITED     :
BROTHERHOOD OF CARPENTERS AND JOINERS      :
OF AMERICA,                                :
                        Plaintiffs,        :
                                           :
            -v-                            :
                                           :
KEYSTONE WINDOW INSTALLERS, INC.,          :
                        Defendant.         :
------------------------------------------X

APPEARANCES

For plaintiffs:
Andrew Grabois
O'Dwyer & Bernstien, LLP
52 Duane Street, 5th Floor
New York, NY 10007
```

DENISE COTE, District Judge:

On November 16, 2009, plaintiff employee benefit plans ("Benefit Plans" or "plaintiffs") filed a complaint seeking confirmation of an arbitration award. Service of the summons and complaint was made on the defendant, Keystone Window

Installers, Inc. ("Keystone" or "defendant") on November 18, 2009.  The defendant has not answered the complaint.  An Order dated November 24, 2009 advised the parties that confirmation proceedings for arbitration awards would be treated as a motion for summary judgment and set a briefing schedule for the motion.  By that Order, the Benefit Plans were required to serve any additional materials in support of their petition by December 18, 2009, and Keystone was required to submit its opposition by January 15, 2010.  By motion dated December 18, the Benefit Plans moved for confirmation of the arbitration award and entry of judgment against Keystone.  Keystone has not submitted any opposition materials.  For the following reasons, plaintiffs' motion is granted.

BACKGROUND

Keystone signed a "Sub-Contractor Affidavit of Project Labor Agreement" on July 26, 2007, for a window replacement project at public school P.S. 22 in Staten Island, New York ("Sub-Contractor Affidavit").  The Sub-Contractor Affidavit contains the following language:  "Keystone Windows . . . shall be bound by the provisions of the Project Labor Agreement executed on the 10th of November, 2004, with respect to all Work to be performed under the solicitation."  The Project Labor Agreement obligated the defendant to make payments to specified fringe benefit trust funds on behalf of employees and to be

bound by the terms of the trust agreements related to those funds.  Upon request by the Benefit Plans, the defendant was obligated under the trust agreements to "make available . . . for inspection and copying at reasonable times . . . its payroll books and records whenever the [Benefit Plans] consider such an examination to be advisable."

Pursuant to an arbitration provision in the Project Labor Agreement, the Benefit Plans challenged Keystone's compliance with these auditing provisions and submitted the dispute to a designated arbitrator.  The plaintiffs sent Keystone a Notice of Intention to Arbitrate on April 7, 2009.  The arbitrator sent both parties a Notice of Hearing on April 10, 2009.

The arbitration occurred on April 27, 2009.  Keystone did not appear at the arbitration, nor did it request an adjournment or extension.  The arbitrator received evidence from the plaintiffs and found that Keystone had failed to allow an audit of its books and records in violation of the Sub-Contractor Affidavit.  In an award dated May 7, 2009, he ordered Keystone to permit and facilitate an audit of its books and records from January 31, 2007 to April 3, 2009.  He also awarded the Benefit Plans $2,350.00 in fees and costs.  The Benefit Plans now seek confirmation of that award, together with attorneys' fees and costs incurred in bringing this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or

4

corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).  A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation.  Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"[T]he showing required to avoid confirmation is very high," D.H. Blair & Co., 462 F.3d at 110, and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (citation omitted).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

The Benefit Plans have sufficiently supported their petition and demonstrated that there is no question of material fact.  Keystone has not submitted any opposition to raise a question of fact.  Therefore, the motion to confirm the arbitration award is granted.

The plaintiffs also seek interest and costs for the confirmation proceeding. They do not point to any statutory or contractual authority for such legal fees. Nonetheless,

> [p]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

<u>Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.</u>, 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted). Here, the defendant has presented no justification or reason for its failure to abide by the arbitrator's decision. Therefore, the request for attorney's fees and costs for the confirmation proceeding is granted in the amount of $1,285.00.

CONCLUSION

The petition to confirm the arbitration award is granted. Attorney's fees and costs for the confirmation proceeding in the amount of $1,285.00 are awarded to plaintiffs. The Clerk of Court shall enter judgment for the plaintiffs and close the case.

Dated:   New York, New York
         February 22, 2010

*[signature]*
DENISE COTE
United States District Judge

6